IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRYL DAVIS, #334536 | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. RWT-06-3348 |
| PAUL B. O'FLAHERTY | * | |
| OFFICER DEBOUGH | | |
| OFFICER SHANK | * | |
| OFFICER SHOEMAKER | | |
| OFFICER TEDRICK | * | |
| AL DAVIS, ADJUSTMENT HEARING | | |
| OFFICER | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Plaintiff alleges Defendant officers employed excessive force against him in violation of his rights under the Eighth Amendment. Before the Court is the Motion to Dismiss or for Summary Judgment filed by Defendants O'Flaherty and Tedricks.[1] (Paper No. 11). The matter has been fully briefed. After review of the Complaint and pleadings, the Court concludes that an oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Plaintiff alleges that on July 26, 2006, a fight broke out in the prison compound where he was housed. (Paper No. 1 at 4). Plaintiff claims that as he attempted to go into his housing unit,

---

[1] The Litigation Coordinator for the Maryland Correctional Training Center ("MCTC") accepted service as to Defendant Tedrick. However, he indicated that no officer named Debough worked at MCTC. Also, there were multiple officers named Shank and Shoemaker at the facility. Therefore, Plaintiff needed to specify which officers he intended to sue. The Litigation Coordinator for Division of Correction Headquarters neither accepted nor refused service on Adjustment Hearing Officer ("AHO") Al Davis.

officers stopped him, directed him to get on the ground, and began "kicking and using excessive force as [Plaintiff] complied to their demands." (Id.)

Plaintiff contends that he was not involved in the disturbance. He claims that a surveillance camera recorded the incident and will substantiate his innocence. (Id.) He also complains that Adjustment Hearing Officer ("AHO") Al Davis made an "erroneous decision and bad judgment in this matter." (Id.). He seeks to be exonerated from his adjustment sanctions and to be awarded damages for the nightmares and lower back pain he has allegedly experienced as a result of the incident. (Id.)

Defendants O'Flaherty and Tedrick have supplemented their motion with records from Plaintiff's base file. (Paper No. 11 at Ex. 1). The records show that Officer Tedrick wrote a notice of infraction concerning Plaintiff. The notice states that on July 26, 2006, Plaintiff was observed in a large melee involving approximately twenty-one inmates. (Paper No. 11, Ex. 1). Plaintiff was seen exchanging blows with other inmates. (Id.) The inmates ignored several orders to cease fighting. The officers used a series of one-second bursts of pepper spray to gain control of the situation. (Id.) Plaintiff and other inmates were restrained, cuffed, and escorted to the dispensary for medical attention. (Id.) The medical encounter form indicates that Plaintiff denied being involved in a fight, denied sustaining any injuries, and denied being maced. (Id.) No injuries were noted. (Id.).

Plaintiff appeared before an AHO on August 2, 2006. At his hearing, Plaintiff pleaded guilty to Rule 100 (disturbance), Rule 102 (assault and battery on inmate), and Rule 400 (disobeying a

direct order) violations.[2]  (Id.)  The plea was accepted and the AHO sanctioned Plaintiff with 400 days of disciplinary segregation and the loss of non-legal and non-clergy visits for 180 days.  (Id.) Plaintiff wrote to Acting Warden O'Flaherty asking to have his segregation time cut in half or to run his disciplinary segregation sentences concurrently.  (Paper No. 11, Ex. 1).  Plaintiff attributed his involvement in the incident to "being nosy upon seeing the big fight . . . and walking up to take a look."[3]  (Id.)

**Standard of Review**

Summary judgment is appropriate when there are no issues of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The court must view the evidence in the light most favorable to the non-moving party.  Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006).  "A material fact is one that 'might affect the outcome of the suit under the governing law."  Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute of material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  To avoid summary judgment, the non-moving party "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Id.* at 256.

---

[2]    Defendants O'Flaherty and Tedrick state that when Plaintiff entered a guilty plea to prison rule violations surrounding the melee, he waived use of the videotape.

[3]    Counsel for Defendants O'Flaherty and Tedrick indicates that a copy of the surveillance tape is available and counsel has a copy of the photographs taken of Plaintiff.  (Paper No. 11 at 3-4).

**Analysis**

Whether force used by prison officials was excessive depends on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U. S. 1, 6-7 (1992). The court must look at: (1) the need for application of force; (2) the relationship between that need and the amount of force applied; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and (5) any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U. S. 312, 321 (1986). Inherent in the protection afforded by the Eighth Amendment is the principle that not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9-10. Furthermore, while the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a de minimis injury is required in order to prove that excessive force was used. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is de minimis, the force is not of a source "repugnant to the conscience of mankind," or the pain itself is such that it cannot properly be said to constitute more than de minimis injury)); see also Carr v. Deeds, 453 F.3d 593, 605-606 (4th Cir. 2006).[4]

Plaintiff offers no evidence, i.e., declarations or affidavits, to counter Defendants' verified exhibits.  The undisputed facts show that there was an inmate melee which created a mass

---

[4] When determining whether injuries suffered by an inmate at the hands of prison officers are de minimis, a court should consider: (1) the context in which the injuries were sustained, i.e., was there a disturbance which required the use of force; (2) whether the inmate sought medical care; (3) whether any injuries were documented in the medical records generated shortly after the incident; and (4) whether the documented injuries are consistent with the prisoner's allegations of excessive force or more consistent with the application of the amount of force necessary under the circumstances of the particular incident.  See Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998); Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998); Riley v. Dorton, 115 F.3d 1159, 1168 (4th Cir. 1997); and Norman, 25 F.3d at 1264.

disturbance in the MCTC compound on the morning of July 26, 2006.  Also, there is no disagreement that Plaintiff was cited for rule infractions for his alleged involvement in the fight and pleaded guilty to all charges.  Finally, Plaintiff has completely failed to produce evidence supporting his claim that he was kicked and otherwise subjected to "excessive force."  The medical records show that when Plaintiff was seen by medical personnel he failed to complain of any injuries.  Furthermore, there is no showing that Plaintiff presented complaints or made sick-call requests regarding a back injury.[5]  Therefore, Defendants O'Flaherty and Tedrick are entitled to summary judgment on Plaintiff's Eighth Amendment claim.[6]

Plaintiff's § 1983 challenge to the AHO's August 2, 2006 adjustment decision is without factual or legal support.  Plaintiff raises no due process challenge to the disciplinary process.  He simply alleges that AHO Davis made an erroneous decision.  He claims he is innocent.  However, Plaintiff does not allege that he was denied the procedural safeguards due to a prisoner in a disciplinary hearing or that his hearing was otherwise unfair.  See generally Wolff v. McDonnell, 418 U.S. 539 (1974).  Indeed, he does not dispute the fact that he pleaded guilty to all disciplinary charges.[7]  Consequently, the Court finds that no colorable constitutional claim has been presented

---

[5] Plaintiff complains of experiencing nightmares as a result of the incident, but does not provided evidence of same.  In any event, the Court observes that the Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  It is settled law that a prior physical injury is required for a prisoner to recover damages for emotional and mental injury.  *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

[6] In the absence of finding an Eighth Amendment violation, the Complaint against Defendants Debough, Shank, and Shoemaker shall be dismissed.

[7] AHO Davis's disciplinary decision indicates that Plaintiff accepted the negotiated plea agreement, understood the ramifications of his guilty plea, and agreed to waive his "hearing/rights." (Paper No. 11, Ex. 1.)

with regard to the adjustment process.  Therefore, the Complaint against Defendant Davis shall be dismissed.

Having found no genuine dispute of material fact justifying a trial on the merits in this case, the Court shall grant Defendants' O'Flaherty and Tedrick's Motion for Summary Judgment by separate order.


Date: 11/7/07                                                  /s/                              
                                                       ROGER W. TITUS
                                                       UNITED STATES DISTRICT JUDGE